**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Trustgard Insurance Company, | ) | |
| | ) | Civil Action No.: 5:16-cv-03681-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Kendrick Drayton, Patrick Drayton, and | ) | |
| Jonathan Snell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Trustgard Insurance Company's ("Plaintiff")

Motion for Default Judgment against Defendants Kendrick Drayton and Patrick Drayton

(collectively "Draytons") pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 44.) The Clerk made an

Entry of Default on March 17, 2017. (ECF No. 32.) For the reasons below, the court **GRANTS**

Plaintiff's Motion for Default Judgment.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage dispute. The dispute concerns whether Plaintiff's

Automobile Liability Insurance Policy ("Policy") issued to Kendrick Drayton was in effect from

November 8, 2015 until November 8, 2016 and provides any coverage – liability, uninsured, or

medical – for injuries and damages sustained in an accident that occurred on or about April 22,

2016. (ECF No. 18 at 2 ¶¶ 7, 9.) The Policy was identified by policy number PA3 1873840-00,

and insured a 2003 Ford Expedition owned by Kendrick Drayton. (*Id.* at ¶ 8.) The Policy limits

were $100,000 per person and $300,000 per accident for bodily injury liability, uninsured and

underinsured coverage. (*Id.*) The Policy also included medical payments coverage with limits of

$1,000 per person. (*Id.*)

On the day of the accident, Kendrick Drayton allowed his brother Patrick to use the Expedition and instructed Patrick that no other person was allowed to operate the vehicle while it was in Patrick's possession. (*Id.* at ¶ 9.) That evening Patrick drove the vehicle to a location on or near Lodge Hall Street in Vance, South Carolina where Defendant Jonathan Snell and another person, Jamar Lamont Neals, rode with Patrick as passengers. (*Id.* at ¶ 10.)

While at the location on Lodge Hall Street, Defendant Snell and Jamar Lamont Neals became intoxicated by alcohol, took the 2003 Ford Expedition without permission, and left the location. (*Id.* at 3 ¶ 11.) Neither Defendant Snell nor Mr. Neals was a "family member" of Kendrick Drayton who is the only named insured. (*Id.* at 4 ¶ 19.) Shortly after leaving the premises on Lodge Hall Street, there was a single vehicle accident involving the Expedition where Defendant Snell was injured and Mr. Neals died. (*Id.* at 3 ¶ 12.)

On February 2, 2017, the Draytons were served with the Amended Complaint (ECF No. 18). (ECF No. 28-1.) Kendrick and Patrick did not answer, nor did they make any motion or appearance in this case. According to the Amended Complaint, the Policy addresses coverage for non-permissive users of the insured vehicle. (ECF No. 18 at 3-4 ¶ 13-16.) Specifically, the Policy provides: "[w]e do not provide [l]iability [c]overage for any person: . . . (9.) [u]sing your covered auto without permission from you or a family member." (*Id.* at 3 ¶ 13.) The Uninsured and Underinsured Motorist Coverage part of the Policy provides that "[w]e do not provide uninsured Motorists Coverage or Underinsured Motorists Coverage for property damage or bodily injury sustained by any person: . . . [u]sing your covered auto without permission [of the insured or their family] . . . ." (*Id.* at ¶ 14.) Lastly, the Medical Payments Coverage part of the Policy provides that "[w]e do not provide medical payments coverage for any person for bodily injury . . . (8.)

[s]ustained while occupying [the insured's] covered auto without permission [from the insured or their family.]" (*Id.* at ¶ 15.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (*See id.* at 2 ¶ 6.) Plaintiff has its principal place of business in Columbus, Ohio (*id.* at 1 ¶ 1), and the Draytons as well as Defendant Snell are citizens and residents of Vance, Orangeburg County, South Carolina (*id.* at ¶¶ 2-3, 5). The amount in controversy exceeds $75,000 "exclusive of interests and costs." (*Id.* at ¶ 6.)

## III. ANALYSIS

The factual allegations in Plaintiff's Amended Complaint are deemed admitted by the Draytons. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001)); *see also* Fed. R. Civ. P. 12(a)(1)(A) ("a defendant must serve an answer within 21 days after being served with the summons and complaint"), 8(b)(6) ("[a]n allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided."). However, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Thus, the court must apply South Carolina law concerning automobile liability insurance to these facts and then declare whether there is insurance coverage available under the terms of the Policy.

By South Carolina statute, S.C. Code Ann. § 38-77-30(7) (2017), an "insured" is a person who is a named insured, a resident family member of a named insured, and/or a permissive user of the insured vehicle. By virtue of the Draytons' failure to answer Plaintiff's Amended Complaint or make an appearance, the allegation that Kendrick Drayton was the only named insured and that neither Defendant Snell nor Neals used the vehicle with permission from Kendrick Drayton or Patrick Drayton, is accepted as true. In addition, there is no allegation or evidence of any familial relationship between Kendrick Drayton and Defendant Snell or Neals.

Therefore, the court makes the following declarations as to Kendrick Drayton and Patrick Drayton:

1. Plaintiff issued a policy of automobile liability insurance (policy number PA3 1873840-00) to Kendrick Drayton that was in effect from November 8, 2015 until November 8, 2016. (ECF No. 18 at 2 ¶ 8.) The Trustgard policy insured only a 2003 Ford Expedition owned by Kendrick Drayton. (*Id.*)

2. On or about April 22, 2016, Kendrick Drayton allowed his brother Patrick Drayton to use the 2003 Ford Expedition, and Patrick did not have permission to allow any other person to use the vehicle. (*Id.* at ¶ 9.)

3. That evening Patrick drove the vehicle to a location on or near Lodge Hall Street in Vance, South Carolina, and Defendant Jonathan Snell and Jamar Lamont Neals rode with Patrick. (*Id.* at ¶ 10.) While at the location on Lodge Hall Street, Defendant Snell and Jamar Lamont Neals took the 2003 Ford Expedition without permission, and left the location. (*Id.* at 3 ¶ 11, 4 ¶ 20.)

4. Neither Defendant Snell nor Mr. Neals was a "family member" of Kendrick Drayton. (*Id.* at 4 ¶ 19.)

5. The Policy does not cover Defendant Snell or Mr. Neals because they used Kendrick Drayton's 2003 Ford Expedition without permission. For this reason, Plaintiff has no duty to provide coverage to the Draytons for any injuries sustained by the accident. Moreover, Plaintiff has no duty to defend or indemnify Kendrick Drayton under the Policy.

## IV.    CONCLUSION

For the reasons stated below the court **GRANTS** Plaintiff's Motion for Default Judgment as to Defendants Kendrick Drayton and Patrick Drayton.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 21, 2017
Columbia, South Carolina